IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FERNANDEZ,

     Plaintiff,

vs.

CALIFORNIA DEP'T OF CORR., *et al.*,

     Defendants.

No. 2:11-cv-1125-JFM (PC)

ORDER

     Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S. Ct. at 1964, in turn
2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
5  U.S. 232, 236 (1974).

6        Here, plaintiff alleges that on June 7, 2009, while playing basketball at California
7  Correctional Center in Susanville, CA ("CCC-Susanville"), he injured his left "ring" finger.
8  Compl. at 4.  Despite repeated requests for medical attention, plaintiff asserts that he was not
9  medically examined for approximately one month.  Id. at 5.  When an x-ray was finally taken of
10 the finger, it revealed that plaintiff's finger suffered a fresh break, but that, due to the delay in
11 treatment, the broken finger had already begun healing, albeit incorrectly.  Id.  Surgery was not
12 recommended because surgery could potentially damage plaintiff's finger.  Id. at 5-6.  Plaintiff
13 also claims that he did not receive pain medication for his broken finger until one year after the
14 injury.  Id. at 6.  Plaintiff brings suit against the California Department of Correction and
15 Rehabilitation ("CDCR"); Matthew Cate, the Director of CDCR; and R.E. Barnes, the Warden at
16 CCC-Susanville.  Plaintiff seeks injunctive and declarative relief, as well as damages.

17       The court has examined the complaint and finds the factual allegations contained
18 therein are sufficient to state an Eighth Amendment claim for deliberate indifference to plaintiff's
19 medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976).  However, plaintiff does not identify
20 the individual(s) who directly and personally participated in the deprivation of his rights and,
21 further, fails to demonstrate how each defendant herein named personally participated in the
22 alleged deprivation.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There are no
23 charging allegations as to defendants Cate and Barnes.  Generally, "[g]overnment officials may
24 not be held liable for the unconstitutional conduct of their subordinates under a theory of
25 respondeat superior."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  Rather, each government
26 official, regardless of his or her title, is only liable for his or her own misconduct, and therefore,

3

1  plaintiff must demonstrate that each defendant, through his or her own individual actions,
2  violated plaintiff's constitutional rights.  Id. at 1948-49.
3        When examining the issue of supervisor liability, it is clear that the supervisors
4  are not subject to vicarious liability, but are liable only for their own conduct.  Jeffers v. Gomez,
5  267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004).
6  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1)
7  personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
8  between the supervisor's wrongful conduct and the constitutional violation.  Jeffers, 267 F.3d at
9  915; Wesley, 333 F. Supp. 2d at 892.  The sufficient causal connection may be shown by
10 evidence that the supervisor implemented a policy so deficient that the policy itself is a
11 repudiation of constitutional rights.  Wesley, 333 F. Supp. 2d at 892 (internal quotations
12 omitted).  However, an individual's general responsibility for supervising the operations of a
13 prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).
14       Supervisor liability under Section 1983 is a form of direct liability.  Munoz v.
15 Kolender, 208 F. Supp. 2d 1125, 1149 (S.D. Cal. 2002).  Under direct liability, plaintiff must
16 show that each defendant breached a duty to him which was the proximate cause of his injury.
17 Id.  "'The requisite causal connection can be established ... by setting in motion a series of acts by
18 others which the actor knows or reasonably should know would cause others to inflict the
19 constitutional injury.'"  Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).
20 However "where the applicable constitutional standard is deliberate indifference, a plaintiff may
21 state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence
22 in unconstitutional conduct by others."  Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).
23       In this action, plaintiff has not alleged facts demonstrating that any of the named
24 defendants personally acted to violate his rights.  Plaintiff must specifically link each defendant
25 to a violation of his rights.  Plaintiff shall be given the opportunity to file an amended complaint
26 curing the deficiencies described by the court in this order.

1    Furthermore, plaintiff seeks damages against CDCR. The Eleventh Amendment
2 bars suits against state agencies, as well as those where the state itself is named as a defendant.
3 Lucas v. Dep't Of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff thus fails to
4 state a claim against CDCR.
5    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
7 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
8 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
9 there is some affirmative link or connection between a defendant's actions and the claimed
10 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
11 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
12 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
13 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
14    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
15 order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
16 complaint be complete in itself without reference to any prior pleading. This is because, as a
17 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
18 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
19 longer serves any function in the case. Therefore, in an amended complaint, as in an original
20 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
21    In accordance with the above, IT IS HEREBY ORDERED that:
22    1. Plaintiff's request for leave to proceed in forma pauperis is granted.
23    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
24 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
25 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
26 /////

1  Director of the California Department of Corrections and Rehabilitation filed concurrently
2  herewith.
3             3. Plaintiff's complaint is dismissed.
4             4. Within thirty days from the date of this order, plaintiff shall complete the
5  attached Notice of Amendment and submit the following documents to the court:
6             a. The completed Notice of Amendment; and
7             b. An original and one copy of the Amended Complaint.
8  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
9  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
10 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
11 file an amended complaint in accordance with this order may result in the dismissal of this
12 action.
13 DATED: June 23, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;fern1125.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FERNANDEZ,

        Plaintiff,

  vs.

CALIFORNIA DEP'T OF CORR., *et al.*,

        Defendants.
_____  _____/

No. 2:11-cv-1125-JFM (PC)

<u>NOTICE OF SUBMISSION</u>

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                               _____
                                               Plaintiff