IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FERNANDEZ,

    Plaintiff,

vs.

CALIFORNIA DEP'T OF CORR., *et al.*,

    Defendants.

No. 2:11-cv-1125-JFM (PC)

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2012, defendants filed a motion to dismiss this action for, inter alia, failure to exhaust administrative remedies prior to suit. On May 2, 2012, plaintiff filed an opposition to the motion. On May 7, 2012, defendants filed a reply.

Pursuant to <u>Woods v. Carey</u>, ___ F.3d ___, 2012 WL 2626912 (9th Cir. 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby once again informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).[1] Such a motion is a request that the court dismiss without prejudice any unexhausted claims. The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the

---

[1] Plaintiff was initially informed of these requirements in an order filed February 7, 2012. On July 27, 2012, defendants also provided notice of these requirements. Doc. No. 21.

1

motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies. Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters. In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence. In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion. See L.R. 230(l). If the court grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order in which to file and serve a supplemental opposition to defendants' April 9, 2012 motion to dismiss; and

2. Defendants may file a supplemental reply not later than fourteen days after service of any supplemental opposition.

DATED: August 20, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;fern1125.ntc