IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FERNANDEZ,

      Plaintiff,

vs.

CALIFORNIA DEP'T OF CORR., et al.,

      Defendants.

      /

No. 2:11-cv-1125 JFM (PC)

<u>ORDER AND</u>

<u>FINDINGS & RECOMMENDATIONS</u>

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendants' motion to dismiss. Plaintiff opposes the motion.

FACTUAL ALLEGATIONS

In the operative first amended complaint ("FAC"), filed July 13, 2011, plaintiff alleges that on June 7, 2009 he suffered a painful injury to his left hand "ring" finger while playing basketball at California Correctional Center in Susanville, California ("CCC-Susanville"). Plaintiff immediately sought medical attention, but was told by medical staff that the medical office was closed for the day and that he should "come back tomorrow." Plaintiff returned the next day and filled out a medical request form, but was not seen that day and did not receive a medical ducat. When plaintiff returned to the medical office 10-12 days later to check

1

on the status of his medical request, he was informed that his medical request form was lost and that he needed to fill out another form, which plaintiff filled out.  Plaintiff eventually received a medical ducat on this second medical request form, which was deemed "Routine," two weeks later.  Finally, over one month after the injury date, on July 10, 2009, plaintiff was seen by a doctor.

On July 15, 2009, an x-ray was taken of plaintiff's finger, which showed a fresh, partially-healed broken finger.  The doctor examining the x-ray told plaintiff that because of the delay in treatment, the finger had started to heal on its own and there was nothing to be done.

On July 28, 2009, plaintiff was sent for an orthopedic consultation and was told that he may need surgery.  Plaintiff was referred to a specialist in Reno, Nevada.

On August 27, 2009, after having not received any update on the treatment for his finger or medication for pain management, plaintiff filed a third medical request form asking for the status of his treatment.

Plaintiff claims that he was ultimately transferred to High Desert State Prison ("HDSP") in retaliation for filing grievances related to the delay in treatment.  While at HDSP, plaintiff did receive treatment for his finger and for the first time received medication for pain management.  On October 27, 2009, plaintiff was seen by a doctor who informed him that, in light of the fact that the finger has already healed, surgery could possibly cause further problems.

Plaintiff's finger is now permanently disfigured.

Plaintiff names as defendants CCC-Suanville's Chief Medical Officer Andrew Pomozal, whom plaintiff claims was directly responsible for ensuring that plaintiff's medical request forms were processed and not lost; CCC-Susanville Warden R.E. Barnes, who failed to provide a facility that could provide adequate medical health care and who failed to guarantee that inmates would have their medical request forms processed on time to ensure their safety; and Mathew Cate, Director of the California Department of Corrections and Rehabilitation, for his role in the institution's overcrowding problem, which resulted in inadequate medical care.

Plaintiff seeks injunctive relief and damages.

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

On August 20, 2012, plaintiff received the notice required by Wyatt v. Terhune, 305 F.3d 1033 (9th Cir.2002), for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

DISCUSSION

Defendants seeks dismissal of the complaint on the grounds that plaintiff's First Amendment retaliation claim fails for failure to exhaust and failure to state a claim; that plaintiff's Eighth Amendment claim fails as to Cate and Barnes; and that plaintiff's request for monetary damages against defendants in their official capacities fails pursuant to the Eleventh Amendment.

A.  Plaintiff's First Amendment Claim

Defendants first seek dismissal of plaintiff's First Amendment claim for failure to exhaust administrative remedies. In his opposition, plaintiff asserts that he is not making a First

3

Amendment claim in this suit. Accordingly, defendants' motion to dismiss should be denied as to this ground.

B.     Plaintiff's Eighth Amendment Claim

Defendants next seek dismissal of the complaint to the extent it purports to state claims against defendants Barnes or Cate.

In this court's June 27, 2011 screening order, plaintiff was advised that, in order to establish liability against a supervisor, he must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004). The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F. Supp. 2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F. Supp. 2d 1125, 1149 (S.D. Cal. 2002). Under direct liability, plaintiff must show that each defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Here, plaintiff has failed to allege personal involvement of these defendants in the

4

acts giving rise to the alleged constitutional violation. He does not allege, for example, that either Barnes or Cate was personally aware of the loss of plaintiff's first medical request form or the delay in treatment of plaintiff's broken finger. Furthermore, there is nothing in the FAC that connects plaintiff's general claim that defendants Barnes and Cate oversee poor medical care in California's overcrowded prisons with his specific claim that his Eighth Amendment rights were violated because he received a delay in treatment. Plaintiff's allegations regarding overcrowding are simply too conclusory to support a claim for relief.[1]

Accordingly, defendants' motion should be granted as to this ground.

C. Monetary Damages Against Defendants in Their Official Capacities

Finally, defendants argue that plaintiff may not request monetary damages from defendants in their official capacities. Plaintiff has declared non-opposition with respect to this argument.

The Eleventh Amendment bars suits against a state by its own citizens or citizens of other states in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). The Eleventh Amendment bars all suits against states, irrespective of the relief requested. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 58 (1996). Additionally, suits brought against state officials in their official capacities are essentially suits brought against the state. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the Eleventh Amendment also bars suits for monetary damages against state officers in their official capacities. See id.

Based on the foregoing, plaintiff's request for monetary damages against any of the named defendants in their official capacities fails as a matter of law.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this

---

[1] To the extent plaintiff believes he has suffered harm as a result of a violation of an order issued in Plata v. Schwarzenegger, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005), he must assert his claim in Plata via a class representative or obtain permission to intervene. See Eberle v. Doe, 2009 WL 4017130, * 1 (N.D. Cal. Nov. 18, 2009).

5

case; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' April 9, 2012 motion to dismiss be partially granted;

2. Defendants Barnes and Cate be dismissed from this action; and

3. Plaintiff's request for monetary damages against defendants in their official capacities be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

/014;fern1125.mtd

6