UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al.,<br><br>Defendants. | No. 2:11-cv-01125 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is plaintiff's motion to amend the second amended complaint. ECF No. 60. Defendant opposed the motion to amend on March 19, 2014 (ECF No. 61), and plaintiff filed a reply on March 27, 2014 (ECF No. 62). After considering the arguments as set forth in the briefing submitted and for the reasons discussed below, the court recommends that plaintiff's motion to amend be denied.[1]

I.  Background

On April 27, 2011, plaintiff filed his original complaint against the California Department of Corrections and Rehabilitation ("CDCR"), Matthew Cate, former Director of the CDCR, and R.E. Barnes, former Warden of California Correctional Center in Susanville, California ("CCC-

---

[1] Because oral argument was not of material assistance, the court ordered this matter submitted on the briefing. See Local Rule 230(g).

1

Susanville"). ECF No. 1. On June 27, 2011, the court dismissed plaintiff's complaint as insufficient to state an Eighth Amendment claim for deliberate indifference to his medical needs. ECF No. 5. Plaintiff was granted leave to file an amended complaint. Id.

On July 13, 2011, plaintiff filed his first amended complaint naming Matthew Cate, R.E. Barnes and Andrew Pomazal, CCC-Suanville's Chief Medical Officer, as defendants. ECF No. 8. On January 3, 2012, the court found service appropriate for all three defendants. ECF No. 9.

On April 9, 2012, defendants Cate, Barnes and Pomazal filed a motion to dismiss. ECF No. 16. On January 24, 2013, the court entered findings and recommendations recommending dismissing plaintiff's first amended complaint against defendants Barnes and Cate. ECF No. 26 at 4-5. The court also recommended dismissal of plaintiff's request for monetary damages against any of the named defendants.[2] Id. at 5. On March 28, 2013, the district judge adopted the findings and recommendations in full, except that plaintiff was granted final leave to amend his allegations against defendants Barnes and Cate. ECF No. 33.

On April 17, 2013, plaintiff, through counsel, filed his second amended complaint. ECF No. 34. Defendants answered the second amended complaint on May 1, 2013 (ECF No. 35), and the court issued a discovery and scheduling order on May 6, 2013 (ECF No. 36).[3] On May 29, 2013, defendants Barnes and Cate moved the court to dismiss plaintiff's second amended complaint for failure to state a cognizable claim against them. ECF No. 37. Following a hearing, the court entered findings and recommendations recommending that the motion to dismiss be granted. ECF No. 45. On September 3, 2013, the findings and recommendations were adopted by the district judge assigned to this action. ECF No. 48. As a result, plaintiff's action proceeded solely against defendant Pomazal.

---

[2] On January 28, 2013, the court appointed Carter C. White for the limited purpose of prospective counsel meeting with plaintiff and conducting an initial interview. ECF No. 27. On February 11, 2013, Carter C. White formally appeared as plaintiff's counsel in this action. ECF No. 29.

[3] On July 23, 2013, the court amended the scheduling order to extend the discovery deadline to October 23, 2013, and the dispositive motion deadline to January 15, 2014. ECF No. 43. On October 8, 2013, the court again amended the scheduling order to extend the discovery deadline to January 21, 2014, and the dispositive motion deadline to April 15, 2014. ECF No. 50. Finally, on January 22, 2014, the court amended the scheduling order to extend the discovery deadline to March 22, 2014, and the dispositive motions deadline to June 14, 2014. ECF No. 55.

On December 9, 2013, non-party CDCR filed a motion to quash subpoenas issued by plaintiff which sought the production of, *inter alia*, 602 inmate appeals forms related to the processing of medical forms. ECF No. 52. Plaintiff argued that the forms were relevant to his second amended complaint against defendant Pomazal because his "legal theory rests on establishing that the procedures instigated to process 7362 forms were so flawed that it created a significant delay in his receiving medical care." Opposition, ECF No. 56, at 4. On February 27, 2014, the court issued an order granting the motion to quash. In that regard, the court found that the documents plaintiff sought were not relevant to the subject matter of this action. The court reasoned, in part, as follows:

> Contrary to plaintiff's position, the court finds that the second amended complaint does not allege that defendant Pomazal "failed to administer an efficient medical system" or established "procedures instigated to process 7362 forms." Opposition at 3, 4. The second amended complaint alleges that defendant Barnes, "by not overseeing a competent medical staff or implementing a medical scheduling system that guaranteed inmates receive medical care in a timely manner, failed to provide a facility that could provide adequate medical care to its inmates." Second Amended Complaint ¶ 35. However, the claims against defendant Barnes were dismissed by the court. ECF Nos. 45, 48. With regard to defendant Pomazal, plaintiff merely claims that he is responsible for the authorization and scheduling of inmate heath care request forms "[u]nder the program implemented by Defendant Barnes." [Second Amended Complaint] ¶¶ 36-37. Here, plaintiff's claims against defendant Pomazal rest on whether defendant Pomazal was indifferent to his serious medical needs and whether he failed to timely authorize plaintiff's medical examination.

Id. at 6.

On March 6, 2014, plaintiff filed a motion for leave to amend the second amended complaint "to address the concerns as stated in the order quashing the subpoenas" and "clarify the factual basis for his supervisory liability claim against" defendant Pomazal. ECF No. 60. On March 19, 2014, defendant opposed the motion (ECF No. 61), and on March 27, 2014, plaintiff replied thereto (ECF No. 62).

II.     Legal Standard for Motion to Amend

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P.

3

15(a).  "It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997).  Thus, an amended or supplemental complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 220.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires.  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (not an abuse of discretion to deny amendment where desired amendment would cause undue delay and prejudice opposing parties).  However, because a pretrial scheduling order has been filed in this action, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

Here, on May 6, 2013, the court issued its first scheduling order.  ECF No. 36 (ordering that all pretrial motions shall be filed on or before November 15, 2013).  Therefore, the court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a).  See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure 16(b).  Johnson, 975 F.2d at 606-07.  The "good cause" standard "focuses on the diligence of the party seeking amendment." Jackson, 186 F.R.D. at 607 (citing Johnson, 975 F.2d at 609).  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  Zivkovic v. S. Cal.

4

Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted).  Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence.  6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990).  In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification.  Johnson, 975 F.2d at 609.

In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent.  Id. at 608 (citations omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.  However, the district court is given broad discretion under Rule 16.  Id. at 607.

Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  As a secondary consideration, the court considers the degree of prejudice to the opposing party.  Id.

III.     Discussion

   A.     Diligence

In support of his motion, plaintiff argues that he has not requested leave to amend in bad faith or for dilatory reasons.  ECF No. 60 at 4.  Plaintiff argues that the court's order on non-party CDCR's motion to quash was the first indication that his pleadings were insufficient to support a claim of supervisory liability against defendant.  Id.  Defendant counters that plaintiff has not been diligent in his efforts.  Defendant argues that plaintiff has had several opportunities to amend his complaint to properly state a supervisory liability claim against defendant but has failed to do so.  ECF No. 61 at 2.  Instead, defendant avers, plaintiff "now seeks to file a fourth pleading alleging supervisory liability only after serving an overbroad and unduly burdensome" subpoena.  Id. at 3.  In that regard, defendant argues that plaintiff seeks to amend his complaint, "not because [he] has discovered additional facts supporting his claim, but to justify the request

5

for documents contained in the subpoena." Id.

While plaintiff argues that he was only recently informed that the pleadings were insufficient, as noted above, "carelessness is not compatible with a finding of diligence." Johnson, 975 F.2d at 609. Here, the court notes that plaintiff was put on notice of defendant's characterization of his allegations against defendant in his first motion to dismiss, filed on April 9, 2012. ECF No. 16-1. Therein, defendant summarized plaintiff's allegations as follows:

> Pomazal was responsible for making sure that Health Care Services Request forms were processed. (FAC, ECF No. 8 at 8.) Pomazal lost Fernandez's first Health Care Services Request Form. (FAC, ECF No. 8 at 8.) Pomazal purposefully, but for unknown reasons, delayed the processing of Fernandez's second Health Care Services Request form for weeks. (FAC, ECF No. 8 at 8.) Because of Pomazal's actions, Fernandez did not receive immediate medical attention and Fernandez became disfigured and suffered extreme pain. (FAC, ECF No. 8 at 8.)

Id. at 4. The motion to dismiss sought dismissal of, *inter alia*, plaintiff's supervisory claims against defendants Barnes and Cate. In its findings and recommendations on the first motion to dismiss, the court stated that plaintiff claims defendant Pomazal "was directly responsible for ensuring that plaintiff's medical request forms were processed and not lost." ECF No. 26 at 2. The court recommended dismissal of plaintiff's supervisory claims against defendants Barnes and Cate. Id. at 6. The district judge assigned to the action adopted the findings and recommendations and plaintiff was granted final leave to amend his allegations against defendants Barnes and Cate. ECF No. 33. Plaintiff filed an amended complaint on April 17, 2013. With regard to defendant Pomazal, the allegations in the second amended complaint are similar to those in the first amended complaint, but with some elaboration on defendant's responsibility for the processing of medical forms under the program implemented by Barnes. Compare ECF No. 8 at 8 (alleging that defendant was directly responsible for making sure medical forms were processed), with ECF No. 34 at 5, 7 ("Under the program implemented by Defendant Barnes for medical treatment scheduling, Defendant Pomozal had the authority to approve or deny requests for medical consultation."). Now plaintiff seeks to amend his complaint to include the allegation that defendant Pomazal "was responsible for the training, supervision, and control of medical care provided at CCC." ECF No. 60-1 at 2-3.

6

Here, the court finds that plaintiff lacks the requisite diligence in seeking to amend his complaint as a result of his carelessness in failing to properly identify his allegations against defendant on two prior occasions. Considering the record before the court and the characterization of plaintiff's allegations against defendant by both defendant and the court, it is difficult to accept that plaintiff "only recently was informed that the pleadings were insufficient" with regard to a supervisor liability claim against defendant Pomazal. On the contrary, plaintiff should have been aware of the fact that his first and second amended complaints failed to state such a claim against defendant Pomazal; and therefore should have reasonably foreseen the need for amendment at the time the scheduling order issued.

Accordingly, because plaintiff failed to pursue the amendment of his claims against defendant diligently, plaintiff's motion for leave to amend should be denied.

B.    Prejudice

In his motion, plaintiff argues that an amendment will not unduly prejudice defendant because the proposed amendment "does not seek to add parties or even additional claims." ECF No. 60 at 4. Defendant counters that he would be prejudiced because it would be necessary to re-depose plaintiff "to discover which facts, if any, support [plaintiff's] new theories of liability, resulting in additional expense" to defendant. ECF No. 61 at 4. The court finds that in addition to a lack of diligence, defendant would almost certainly be prejudiced by allowing plaintiff to amend at this late stage of the proceedings.

First, defendant has already filed one motion to dismiss. ECF No. 16; see also ECF No. 37 (second motion to dismiss filed by Barnes and Cate). If the court grants an amendment, defendant may find it necessary to file yet another motion to dismiss.

Second, discovery in this action has been extended several times already and has recently closed on March 22, 2014. ECF No. 55. In the event discovery were reopened by the court as a result of the amendment, defendant would be forced to continue discovery efforts, including re-deposing plaintiff. This outcome would be especially prejudicial considering the fact that defendant has not conducted any discovery on a supervisory liability claim. Thus, plaintiff is incorrect in asserting defendant would not be prejudiced by the proposed amendment. Plaintiff

would essentially be forcing defendant to continue discovery in an action in which he has likely already started preparing for the June 14, 2014 dispositive motion deadline. ECF No. 55.

Similarly, on February 27, 2014, the court quashed a subpoena because the documents sought by plaintiff were not relevant to his claims against defendant. Plaintiff has not clarified if he intends to re-submit the subpoena. However, if plaintiff does seek to re-open discovery and serve the subpoena on non-party CDCR, it will be forced to address the discovery request a second time. This result would certainly be prejudicial considering the high cost of producing the documents plaintiff sought in the subpoena. See ECF No. 52 at 7 (estimating production of the medical forms to be at least $24,000).

For these reasons, amendment should be denied because it will result in prejudice to defendant.

C.   Amendment Under Rule 15(a)

Even considering plaintiff's motion to amend under the requisite Rule 15(a) factors, the court finds that leave to amend should be denied.

Federal Rule of Civil Procedure 15(a) provides that a court should generally freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously amended his complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen, 911 F.2d at 373. Furthermore, futility alone can justify denying further leave to amend. Johnson, 356 F.3d at 1077.

First, with regard to bad faith, the court finds plaintiff's motion suggests some chicanery given the fact that plaintiff's subpoena was quashed because the documents sought were not relevant, and he is now seeking leaving to amend his complaint. Moreover, potential bad faith is also evident in light of the allegations in plaintiff's operative second amended complaint.

////

Therein, plaintiff alleges that defendant Barnes,

> *by not overseeing a competent medical staff or implementing a medical scheduling system* that guaranteed inmates receive medical care in a timely manner, failed to provide a facility that could provide adequate medical care to its inmates and set into motion a series of acts that he knew or reasonably should have known would result in the deprivation of Plaintiff's Eighth Amendment rights.

ECF No. 34 at 7 (emphasis added). With regard to defendant Pomazal, plaintiff alleges in his second amended complaint that "[u]*nder the program implemented by Defendant Barnes for medical treatment scheduling*, Defendant had the authority to approve or deny requests for medical consultation." Id. (emphasis added). Plaintiff now seeks to add the following allegations to his second cause of action for supervisory liability against defendant Pomazal:

> Defendant was liable under the doctrine of supervisory liability when he failed to provide Plaintiff with proper medical care, resulting in a violation of Plaintiff's U.S. Constitutional right to be free from cruel and unusual punishment. Defendant knew or reasonably should have known that the *medical staff under his supervision and control at CCC* was not providing adequate medical care to inmates during the year of 2009 and Defendant failed to take action to correct these failures in medical treatment provided at CCC.
>
> . . . .
>
> Defendant Pomazal, as CMO and HCM, was responsible for the training, supervision, and control of the health care system at California Correctional Center. He knew or reasonably should have known about the pattern of improper medical treatment being provided in 2009 and did not take steps to end this practice.

ECF No. 60-1 at 6 (emphasis added). A comparison of these allegations leads to the conclusion that plaintiff seeks to amend his complaint to allege that defendant Pomazal is responsible for the health care system and supervision of the medical staff at CCC when he previously alleged that defendant Barnes was responsible for the health care system and overseeing the medical staff. If plaintiff is in fact seeking to raise the same claim against defendant Pomazal that he previously raised against defendant Barnes, his persistent effort at sustaining a supervisory liability claim certainly hints at bad faith.

Second, as discussed above, plaintiff should have known of the need to amend his complaint to state a supervisor liability claim against defendant. Thus, even though plaintiff avers that he was only recently made aware of the deficiencies in his complaint, there was

9

1 arguably some undue delay in filing the motion to amend.

2 Third, for the reasons discussed above, the court finds that defendant would be prejudiced
3 by an amendment to the second amended complaint.

4 Fourth, with regard to futility of amendment, defendant argues that the proposed amended
5 complaint fails to state a claim against defendant for supervisory liability. ECF No. 61 at 4-6.
6 Plaintiff counters that amendment is not futile because the third amended complaint is consistent
7 with his previous second amended complaint. ECF No. 60 at 5. In that regard, plaintiff argues
8 that the second amended complaint states a claim for supervisory liability and the third amended
9 complaint "merely seeks to clarify that statement with additional explanation." ECF No. 62 at 6.
10 However, as the court previously found in its order on the motion to quash, plaintiff's second
11 amended complaint does not state a claim for supervisory liability against defendant Pomazal.[4]
12 Thus, plaintiff is in fact seeking to add a supervisory liability claim.

13 When examining the issue of supervisor liability, it is clear that the supervisors are not
14 subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267
15 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004). In
16 order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1)
17 personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
18 between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at
19 915; Wesley, 333 F. Supp. 2d at 892. The sufficient causal connection may be shown by
20 evidence that the supervisor implemented a policy so deficient that the policy itself is a

---

[4] Plaintiff points to three portions of the second amended complaint in support of his argument that he states a claim that defendant "failed to administer an efficient medical system which resulted in a significant delay in treatment." ECF No. 60 at 3 (citing ECF No. 34 at 3:19-3:21); see also ECF No. 62 at 2 (citing ECF No. 34 at 6:29, 7:36-37). One section states: "Part II of forms 7362 were routinely not completed, or only partially completed, resulting in deliberate indifference to the serious medical needs of inmates such as Plaintiff. These Constitutional violations were the direct result of the failure of Defendants Pomazal, Barnes, and Cate to implement adequate procedures for the processing of Health Care Service Request Forms." ECF No. 34 at ¶ 14. Another paragraph alleges generally that "[d]efendants were liable under the doctrine of supervisory liability." ECF No. 34 at ¶ 29. The last two paragraphs specifically allege that defendant Pomazal is responsible for the authorization and scheduling of health care forms under the program implemented by defendant Barnes, which does not suggest a supervisory liability claim. Id. at ¶¶ 36-37. When the second amended complaint is read as a whole, as discussed herein, these paragraphs do not sufficiently establish a claim for supervisory liability against defendant Pomazal.

10

repudiation of constitutional rights. Wesley, 333 F. Supp. 2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Considering the record, the court finds that amendment under Rule 15(a) is futile because plaintiff's proposed third amended complaint fails to state a sufficient causal connection between defendant's alleged conduct as a supervisor and the constitutional violation. Here, plaintiff alleges that defendant knew or should have known that the medical staff were not providing adequate medical care to inmates, and failed to take steps to end the practice of improper medical treatment. ECF No. 60-1 at 6. However, the third amended complaint does not state that he was aware that medical staff were not providing adequate medical care to plaintiff. Jeffers, 267 F.3d at 915. Nor does the third amended complaint allege that, for example, defendant implemented a policy of improperly processing medical request forms. Id.; Wesley, 333 F. Supp. 2d at 892. Thus, the court finds that under Rule 15(a) amended would be futile.

Finally, with regard to the fifth factor set forth in Johnson, plaintiff has already amended his complaint two times.

Considering the requisite factors in determining a motion to amend under Rule 15(a), the court finds that plaintiff's motion to amend should be denied.

IV.     Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 6, 2014 motion to amend (ECF No. 60) be denied.

////
////
////
////
////
////
////
////

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6 objections shall be filed and served within fourteen days after service of the objections.  The
7 parties are advised that failure to file objections within the specified time may waive the right to
8 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9 Dated: April 9, 2014

11   fern1125.mta

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE