1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRANDON ALEXANDER                          No.  2:11-cv-1125 MCE KJN P
      FERNANDEZ,
12
                      Plaintiff,
13                                                ORDER
              v.
14
      CALIFORNIA DEPARTMENT OF
15    CORRECTIONS, et al.,

16                    Defendants.

17

18            Plaintiff is a state prisoner, proceeding in forma pauperis and through counsel, with a civil

19    rights action pursuant to 42 U.S.C. § 1983.  On March 11, 2015, the last remaining defendant was

20    granted summary judgment.  On March 11, 2015, defendants submitted a bill of costs for

21    $1,934.47 associated with deposition expenses.  (ECF No. 81.)  Plaintiff filed objections, and

22    defendants filed a reply.  As set forth below, the court overrules plaintiff's objections and grants

23    the bill of costs.

24            Plaintiff initially brought this action pro se, alleging deprivation of his rights under the

25    Eighth Amendment.  Plaintiff's claim was based upon the alleged failure to treat, and delay in

26    treating, plaintiff's broken finger, which caused pain, and ultimately resulted in a disfigured

27    finger.  One of plaintiff's treating doctors, Dr. Starcevich, stated that if he had seen plaintiff the

28    day of the injury or the day after, the doctor would have treated it as an emergency.  (ECF No. 82

                                                    1

at 5.)  Instead, plaintiff's finger, though broken on June 7, 2009, was allegedly not treated for about one month, despite his repeated requests for an exam.  Plaintiff alleged that because the broken finger had already begun healing incorrectly due to the delay in treatment, corrective surgery could not be performed.  Counsel was appointed to interview plaintiff, and filed a second amended complaint.  Subsequently, defendants Barnes and Cate were dismissed with prejudice, and Doe defendants were dismissed without prejudice.  (ECF No. 45.)  Following review of this court's findings and recommendations, sole remaining defendant Pomazal's motion for summary judgment was granted.

Defendants seek an award of $1,934.47 for costs associated with depositions.  Plaintiff filed objections, arguing he is indigent, that there is a wide disparity in income between plaintiff and defendant Pomazal, that the award of costs will have a chilling effect on other civil rights litigation, and that plaintiff's case had merit despite its dismissal.  Defendants contend that costs are appropriate despite plaintiff's indigence.

Federal Rule of Civil Procedure 54(d) governs the taxation of costs to the prevailing party in a civil matter.[1]  Pursuant to Federal Rule of Civil Procedure 54(d)(1), unless a court order provides otherwise, costs (other than attorney's fees) "should be allowed to the prevailing party."  This rule creates a presumption that costs will be taxed against the losing party.  Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc).  However, if the losing party has demonstrated why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs."  Id., at 591; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("the losing party must show why costs should not be awarded").  If the court declines to award costs, it must state its reasons, giving the reviewing court an opportunity to determine if that discretion was abused.  Save Our Valley, 335 F.3d at 945.

Proper reasons for denying costs include:  (1) the losing party's limited financial resources; (2) the prevailing party's misconduct; (3) the potential chilling effect of imposing high

---

[1]  In the Eastern District of California, this rule is implemented by Local Rule 292.  E.D. Cal. R. 292 (2013).

1    costs on civil rights litigants; (4) the nature of the prevailing party's recovery; (5) the losing

2    party's good faith in litigating; and (6) the importance of the case.  Champion Produce, Inc. v.

3    Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (citing Mexican-American

4    Educators, 231 F.3d at 592 & n.15).  In considering whether costs should be denied, this court

5    considers:  the losing party's limited financial resources; whether there is a great economic

6    disparity between the parties; the chilling effect of imposing such high costs on future civil rights

7    litigants; whether the issues in the case are close and difficult; and whether plaintiff's case,

8    although unsuccessful, had some merit.  Ass'n of Mexican-American Educators, 231 F.3d at 592-

9    93.

10         First, plaintiff's objection to the costs themselves is overruled because the deposition

11   expenses are authorized under the statute and were necessarily obtained.  Indep. Iron Works, Inc.

12   v. U.S. Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963) (stating that the cost of deposition

13   transcripts "necessarily obtained for use in the case" can be taxed under § 1920(2)).

14         Second, as noted above, plaintiff does argue that the court should not tax costs because of

15   plaintiff's indigence and the chilling effect the award will have on civil rights cases.  "'[A]

16   substantiated claim of the losing party's indigency may justify a reduction or denial of costs to the

17   prevailing party, although such indigency is not an absolute shield to the imposition of costs.'"

18   Conn v. City of Reno, 2012 WL 4194560, at *3 (D. Nev. Sep. 19, 2012) (quoting Moore's Fed.

19   Prac. § 54.10[1][b] ).  Plaintiff has not submitted updated financial information even though the

20   "pertinent time" for determining whether his indigency has an impact on the imposition of costs

21   "is the time the costs [are] initially taxed."  Stanley v. Univ. of So. Ca., 178 F.3d 1069, 1080 (9th

22   Cir. 1999).  But plaintiff asserts his financial situation has not changed, and given the level of

23   prison wages, plaintiff's economic status is unlikely to have improved much even if he has

24   secured new prison employment.  See Reed v. Moore, 2011 WL 703618, at *2 (E.D. Cal. Feb.18,

25   2011) (denying $4,293.89 in costs when "it is highly unlikely" the inmate would be able to satisfy

26   any costs).  Nevertheless, plaintiff has not shown the imposition of defendant's relatively modest

27   costs will harm him despite his indigence.  Draper v. Rosario, 2014 WL 3689718 (E.D. Cal. July

28   24, 2014) (inmate failed to show imposition of relatively modest costs of $3,018.35 would harm

3

1   him despite his indigence); Jones v. Neven, 2013 WL 150338, at 2 (D. Nev. Jan. 14, 2013)

2   (imposition of $550.05 in costs on inmate will not render him indigent in light of fact that costs

3   will be paid in installments under 28 U.S.C. § 1915(f)(2)(B)); Janoe v. Stone, 2012 WL 70424, at

4   *2 (S.D. Cal. Jan. 9, 2012) (imposing $1,637.76 in costs because of the "piecemeal payment

5   plan" even though plaintiff was unable to secure a prison job and worried about paying for

6   hygiene items); see also Antoine v. Cnty. of Sacramento, 2009 WL 1260318, at *2 (E.D. Cal.

7   May 6, 2009) (whether threat of indigency from imposition of costs is genuine "depends on the

8   amount of the potential cost award"); compare Stanley, 178 F.3d at 1080 (denying

9   "extraordinarily high" bill of costs -- $46,710.97).

10      Plaintiff also argues that "[c]ivil rights suits provide an important recourse for prisoners

11   that, if chilled, would effectively immunize prison officials from the consequences of an abuse of

12   authority." (ECF No. 82 at 5.)  Defendants counter that if no cost recovery is allowed, "prisoners,

13   especially those who are granted in forma pauperis status, . . . would have no economic

14   disincentive to refrain from filing frivolous lawsuits, adding to an already over-burdened court

15   system." (ECF No. 83 at 4.)  In Stanley, the Ninth Circuit remanded the case to the district court

16   to consider its order taxing costs, noting "the imposition of [ ] high costs on losing civil rights

17   plaintiffs of modest means may chill civil rights litigation" and finding the claims raised in that

18   case were important and "far from obvious."  178 F.3d at 1080; see also Assoc. of Mexican-

19   American Educators, 231 F.3d at 593 (upholding denial of costs in "extraordinary, and

20   extraordinarily important, case" and saying that granting high costs in important cases might

21   discourage other civil rights litigation).  The undersigned does not downplay the importance of

22   this case to plaintiff personally, or the potential viability of deliberate indifference medical claims

23   against prison employees.  However, the issues in this case were not novel or complex, and there

24   is no reason to believe that the modest award of costs here will chill future inmate litigation.

25   ////

26   ////

27   ////

28   ////

4

1      Accordingly, IT IS HEREBY ORDERED that:

2      1.  Defendants' application for costs (ECF No. 81) is granted; and

3      2.  Plaintiff is taxed $1,934.47 in costs.

4   Dated:  April 2, 2015

5

6                                              KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE
7

8   /fern1125.bill of costs.gr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      5